## GROSS v. REGOR FINANCE CO. et al.*
### No. 8649.

Circuit Court of Appeals, Fifth Circuit.
April 19, 1938.

G. P. Garrett, of Orlando, Fla., for appellant.

George C. Bedell and Chester Bedell, both of Jacksonville, Fla., John S. Lavin, of Orlando, Fla., and C. E. Duncan, of Tavares, Fla., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree dismissing appellant's suit in equity in which she seeks to enjoin a proceeding to recover on a note given by her in part payment under a contract for the purchase of a citrus grove. She alleges that the note and contract were induced by fraud; and prays for cancellation of the same, for refund of the amount paid, and for an account-

*Rehearing denied June 4, 1938.

ing and discovery. The several defendants in the District Court were affiliated corporations; their separate entities were disregarded under agreement of counsel. In like manner, they are treated as one on this appeal.

Appellant assigns as error the failure of the court to find the note and contract void; but we find no proof of fraud. Even in so far as the proof consists of uncontradicted testimony, it is not sufficient to sustain the allegations of fraud. In fact, all the testimony introduced by appellant, if uncontradicted, would not leave the matter entirely free from doubt. When this testimony is considered in connection with that of appellees, it appears that the whole transaction was handled by appellees in the usual course of business, which does not appear to be fraudulent in character, and that appellant was not misled by any material false representation. The findings of the District Court are supported by the evidence and will not be disturbed.

The next assignment is that the court erred in not holding the contract to be unilateral and unenforceable. Exactly what is appellant's theory under this assignment is not clear. The contract is in the form of an application by appellant, addressed to appellees, for the purchase of the citrus grove in question on the terms recited. It provides that upon the full payment of the total consideration, the seller agrees to deliver or cause to be delivered a warranty deed conveying merchantable title. The appellant agreed to purchase said property upon the terms and conditions therein set forth and to make all payments promptly.

The application stipulated that it did not become effective until accepted by appellees. The instrument shows such acceptance by the secretary of the corporation on the date of its execution by appellant. Williston on Contracts, Revised Edition, § 77A, is cited and quoted. The text relied upon points out a distinction between an acceptance by which the acceptor agrees to be bound upon a condition not named in the offer, and an acceptance not to take effect until the happening of some contingency. Neither situation appears here. The conditions upon which appellees agreed to convey the land are contained in the application, or offer, and not in the acceptance. Appellees are bound along with appellant under the dependent promises in the contract. The acceptance bound appellees to convey on the performance of the promise to pay.

Appellant further contends that the acceptance endorsed on the contract was a mere authentication of terms and that no obligation was assumed thereby until the promise to pay had been fulfilled, citing Williston on Contracts, Revised Edition, § 73A. The situation contemplated by Professor Williston is an offer to be bound on the performance of an act, or an offer to become bound by a promise presently given if a counter promise be given at a future time. The text expressly excepts offers for bilateral contracts asking for a definite promise. The instant case is not one where only one party promised performance on a consideration already given by the promisor as defined in Williston on Contracts, § 13, nor as defined in the Restatement of the Law of Contracts, § 12. There was an exchange of promises by both parties as to the unexecuted portion of the contract, as to which both became bound as evidenced by the writing. Bank of Columbia v. Hagner, 1 Pet. 455, 7 L.Ed. 219.

An assignment is directed to the action of the court in holding that acceptance by the secretary was binding on the corporation, no express authority having been given. The evidence showed without contradiction that the secretary had acted for the corporation in almost all transactions of this character since the inception of the business, and that the corporation had not only acquiesced therein but had uniformly treated such contracts as its binding obligations. Under such circumstances, a formal authorization was not necessary. Bostwick v. Mutual Life Insurance Co., 5 Cir., 251 Fed. 36; Eureka Clothes Wringing Machine Co. v. Bailey Washing & W. Mach. Co., 11 Wall. 488, 20 L.Ed. 209. In any event, appellant is not in a position to complain, since the principal may adopt and ratify the unauthorized act of an agent, and the bringing of a suit upon the contract amounts to a ratification. Clews v. Jamieson, 182 U.S. 461, 21 S.Ct. 845, 45 L.Ed. 1183.

The other assignments of error depend upon the determination of those mentioned above and need not be discussed.

The decree of the District Court is affirmed.